Sandra Slaton (SBN 006454)
Matthew Monaco (SBN 033926)
**HORNE SLATON, PLLC**
6720 N. Scottsdale Road, Ste. 285
Scottsdale, Arizona 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
slaton@horneslaton.com
monaco@horneslaton.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRAVON AMES,<br>            Plaintiff,<br><br>v.<br><br>CITY OF TEMPE, a municipality, CAMERON J. PAYNE and JANE DOE PAYNE, husband and wife, and CODY CONKLIN and JANE DOE CONKLIN, husband and wife | Case No.:<br><br>**COMPLAINT**<br><br>(Civil Rights Violation, Including Violation of 42 U.S.C. § 1983, Battery)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dravon Ames, alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because the allegations and claims asserted herein arise under 42 U.S.C. § 1983. This Court also has pendent jurisdiction over the State law battery claim pursuant to 28 U.S.C. § 1367 because the battery claim arises from the same nucleus of facts as the 42 U.S.C. § 1983 claim.

2.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(B).

**PARTIES**

3.  Plaintiff, Dravon Ames, is a resident of Maricopa County, Arizona.

4.  Defendant, City of Tempe, is a municipality in the State of Arizona.

5.  Upon information and belief Defendant, Cameron J. Payne, is a resident of

Maricopa County, Arizona.  Defendant Payne, at all relevant times herein, was a Tempe Police Officer, employed by the Defendant City of Tempe.  The acts of Defendant Payne alleged in this Complaint were for the benefit of the community consisting of himself and his wife.  Defendant Jane Doe Payne is Defendant Payne's wife whose true name will be submitted when known.

6.   Upon information and belief, Defendant, Cody Conklin, is a resident of Maricopa County, Arizona.  Defendant Conklin, at all relevant times herein, was a Tempe Police Officer, employed by the Defendant City of Tempe.  The acts of Defendant Conklin alleged in this Complaint were for the benefit of the community consisting of himself and his wife.  Defendant Jane Doe Conklin is Defendant Conklin's wife whose true name will be submitted when known.

**FACTS**

7.   Plaintiff had just turned 22 years old when this incident happened.  Plaintiff was driving home from his shift at Amazon.

8.   On October 31, 2018, Plaintiff was stopped in a roadway in the City of Tempe and approached by Defendants Payne and Conklin.

9.   At the time Plaintiff was 5'8" and weighed approximately 130 pounds, and Defendants Payne and Conklin were much larger in size than Plaintiff.

10.   Defendants Payne and Conklin were both wearing Body Worn Cameras ("BWC").

11.   Plaintiff was being cooperative with Defendants Payne and Conklin leading up to the police brutality, as described herein.  Plaintiff was respectful and provided the officers with his driver's license.

12.   Plaintiff requested that Defendants Payne and Conklin take Plaintiff out of the street to the gas station.

13.   Just after Plaintiff requested to be taken out of the street, Defendants Payne and Conklin grabbed Plaintiff by the arms, and brutally and aggressively threw Plaintiff to

2

the ground.

14. Defendant Payne proceeded to use a Taser to shock Plaintiff without any justification after both Defendants were on top of the Plaintiff beating, punching, and brutalizing him. Defendant Conklin also drew his Taser and had it aimed at Plaintiff.

15. Plaintiff was left on the pavement in the middle of the road and can be heard pleading for Defendants Payne and Conklin to stop.

16. Plaintiff could be heard begging and pleading as Defendant Payne continued to Tase him.

17. Defendants threatened to shock Plaintiff multiple times.

18. After a third officer arrived, Plaintiff was handcuffed and left lying in the middle of the street.

19. Upon information and belief, Plaintiff suffered a broken nose. Plaintiff also suffered bruises, cuts, and scrapes all over his face, shoulders, and legs, as a result of Defendant Payne's and Conklin's brutalizing, beating, punching and driving Plaintiff into the pavement.

20. Plaintiff still suffers from permanent scaring together with mental and physical pain from Defendants brutalizing, beating, punching and driving him into the pavement.

21. One of the Defendants can be heard stating on the BWC recording that "I broke his nose."

22. This is a cosmically tragic event in Plaintiff's life, that will stay with him for the rest of his life.

23. Defendant, City of Tempe, through its Tempe Police Department, has a pattern and practice for allowing its Officers to use Tasers on African American and minorities. Defendant City of Tempe has not properly trained its officers on the proper use of force.

24. Upon information and belief, Defendant City of Tempe has a pattern and

practice, or custom of abuse against minorities.  At a bare minimum, Defendant City of Tempe has trained its officers in a grossly negligent manner or with a reckless indifference of responsible supervisory officials.

## COUNT ONE

### (Violation of Civil Rights 42 U.S.C. § 1983)

### (Defendants Payne and Conklin)

25. Plaintiff incorporates by reference the foregoing allegations as if set forth in full herein.

26. Plaintiff's rights pursuant to the Fourth and Fourteenth Amendment to the United States constitution, were violated by the unreasonable seizure of Plaintiff.

27. Defendants Payne and Conklin used unjustified excessive force in their seizure of, and after the seizure of Plaintiff.

28. Defendants Payne and Conklin were acting under the color of state law as police officers when they used unjustified excessive force against Plaintiff.

29. Plaintiff suffered, upon information and belief, a broken nose, bruising, bleeding and cuts to his face, shoulders, and legs.  Plaintiff also suffered, and continues to suffer, from the physical and emotional affects from the unjustified electric shocks.  Plaintiff also suffered from the electrodes being shot into his back

30. Plaintiff reserves the right to assert other facts alleged as basis for the excessive force.

31. Defendants Payne and Conklin are liable both personally and professionally for their use of excessive force against Plaintiff.

32. Defendants Payne and Conklin are liable both personally and professionally for violating Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

33. As a direct and proximate of the actions of Defendants Payne and Conklin Plaintiff was damaged in an amount to be proven at trial.

///

## COUNT TWO

## (Violation of Civil Rights)

## (City of Tempe)

34. Plaintiff incorporates by reference the foregoing allegations as if set forth in full herein.

35. Municipal bodies are liable for constitutional violations pursuant to 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the constitution. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 700 (1978).

36. Defendant City of Tempe had a duty to properly train, supervise, and discipline their employees and agents.

37. Defendant City of Tempe breached that duty by failing to properly train Defendants Payne and Conklin on the proper use of force in situations.

38. Defendant City of Tempe's policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned by the Defendant City of Tempe's failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

39. This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

40. Defendant City of Tempe has failed to take any remedial action against Defendants Payne and Conklin.

41. Defendant City of Tempe is liable for the policy, pattern of practice, or custom and is gross negligence or reckless indifference to constitutional rights.

42. As a direct and proximate cause of Defendant City of Tempe's action Plaintiff suffered damages in an amount to be proven at trial.

///

# COUNT THREE

### (Battery)

### (All Defendants)

43. Plaintiff incorporates by reference the foregoing allegations as if set forth in full herein.

44. Defendants Payne and Conklin acted intentionally when they brutalized, beat, and used a Taser on Plaintiff.

45. Defendants Payne and Conklin intended to physically contact Plaintiff when they brutalized, beat, and used a Taser on Plaintiff.

46. Defendants Payne and Conklin offensively physically contacted Plaintiff when they brutalized, beat, and used a Taser on Plaintiff.

47. Defendant City of Tempe is liable for the conduct of Defendants Payne and Conklin under the doctrine of *respondeat superior* because the actions of Defendants Payne and Conklin were done in the normal course of their employment of the Defendant City of Tempe.

48. Plaintiff was physically and emotionally harmed as a direct consequence of the actions of Defendants Payne and Conklin.

49. The actions of Defendants Payne and Conklin were the proximate cause of Plaintiff's physical and mental injuries.

50. Defendants are liable for battery against Plaintiff.

**Wherefore**, Plaintiff prays for damages against Defendants, and each of them, for reasonable damages, attorneys' fees, for costs incurred, and for such other and further relief as the Court deems proper.

**Respectfully submitted** this 30th day of October, 2020

                **HORNE SLATON, PLLC**
By: /s/ _____
     Sandra Slaton, Esq.
     Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial.

**Respectfully submitted** this 30th day of October, 2020

                                   **HORNE SLATON, PLLC**
                                   By: /s/
                                          Sandra Slaton, Esq.
                                          Attorney for Plaintiff