**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dravon Ames, | No. CV-20-02102-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

In this civil rights action under 42 U.S.C. § 1983, Dravon Ames ("Plaintiff") alleges that Officers Payne and Conklin of the Tempe Police Department violated his Fourth and Fourteenth Amendment rights by using excessive force against him during a traffic stop on October 31, 2018. (Doc. 64 ¶¶ 29-37.)

During earlier stages of the case, Plaintiff also sought to assert a § 1983 claim against the City of Tempe ("the City") under *Monell v. Dept. of Soc. Svcs. of N.Y.*, 436 U.S. 658 (1978), based on allegations that the City "has a pattern and practice for allowing its Officers to use Tasers on African American[s] and minorities," "has not properly trained its officers on the proper use of force," "fail[ed] to train, supervise, and investigate any of the officers involved in this incident," and "tacitly or overtly sanctioned" a "policy, pattern of practice, or custom" of misconduct, "amounting in a deliberate indifference to Plaintiff's constitutional rights." (Doc. 47 ¶¶ 23, 36-38.) However, in an order issued in November 2021, the Court granted the City's motion to dismiss the *Monell* claim. (Doc. 61.) In a nutshell, the Court determined that Plaintiff's *Monell*-related allegations were too

conclusory to survive dismissal but also determined that Plaintiff should be granted leave to amend in an effort to cure this deficiency. (*Id.*)

Plaintiff took advantage of this opportunity by filing the current version of his complaint, the Third Amended Complaint ("TAC"), in December 2021. (Doc. 64.) In the TAC, Plaintiff reasserts a *Monell* claim against the City and adds new factual allegations in support of that claim. (Doc. 64 ¶¶ 38-64 [*Monell* claim in TAC]; Doc. 64-1 at 6-10 [redlined version showing new factual allegations].)

After Plaintiff filed the TAC, the City filed a motion to dismiss the *Monell* claim in the TAC. (Doc. 67.) In its motion, the City identifies various reasons why, in its view, the new factual allegations in the TAC remain insufficient to state a plausible claim for municipal liability under a failure to train, failure to supervise, or policy-and-custom theory. (*Id.*) The City's motion is now fully briefed. (Doc. 70, 71.)

Recently, and before the Court could rule on the City's motion, Plaintiff filed a motion for leave to file a Fourth Amended Complaint ("FAC") that would include new factual allegations in support of his *Monell* claim. (Doc. 95.) The crux of Plaintiff's argument is that, during the City's Rule 30(b)(6) deposition in June 2022, the City's representative admitted that the conduct of Officers Payne and Conklin during the underlying incident fell "100 percent in policy for the use of force" and further admitted that "the City of Tempe approves of everything the officers did on October 31, 2018." (*Id.* at 7-13.) Plaintiff contends these admissions provide additional support for his *Monell* claim because they "illustrate that Tempe had a policy and procedure which it believes its officers were fully compliant with" and "also demonstrate a ratification of that conduct establishing a policy or custom in place at the time of the incident." (*Id.* at 13-14.) Plaintiff acknowledges that his amendment request comes after the amendment deadline set forth in the scheduling order (and on the eve of the discovery deadline, *see* Docs. 38, 85) but contends that good cause exists to allow the late amendment because "[n]one of these admissions on the part of Tempe were present until [the representative] testified under oath at the 30(b)(6) deposition on behalf of Tempe." (*Id.* at 14.)

The City opposes Plaintiff's amendment request. (Doc. 103.) Notably, the City does not argue that the request is untimely or that it would be prejudiced by amendment at this late stage of the proceedings—instead, the sole ground on which the City opposes the amendment request is futility. (*Id.* at 1-2.) And on the issue of futility, the City does not dispute that the new factual allegations in the proposed FAC could support a plausible *Monell* claim under a ratification or policy-and-custom theory. Instead, the City's sole futility argument is that, because Plaintiff will not be able to prevail on his underlying § 1983 claim against Officers Payne and Conklin for the reasons stated in Defendants' recently filed summary judgment motion (Doc. 100), and "[u]nder the *Monell* doctrine, a municipality may be held liable only when the plaintiff establishes that an officer violated their constitutional right," it follows that any *Monell* claim will fail once the underlying § 1983 claim against Officers Payne and Conklin is dismissed at summary judgment. (Doc. 103 at 2-7.)

Plaintiff has not yet had a chance to file a reply in support of his motion to amend (and, in fact, has filed an extension request, *see* Doc. 106), but given the City's position in its response, there is no need to await further briefing. Plaintiff's motion to amend is granted. Although an amendment request (such as Plaintiff's here) filed after the expiration of the amendment deadline set forth in the scheduling order must satisfy Rule 16(b)(4)'s "good cause" standard, which focuses on the diligence of the movant, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992), the City does not dispute Plaintiff's diligence and focuses only on futility. And as for futility, the City's arguments are derivative of the arguments raised in Defendants' recently filed summary judgment motion. Under the circumstances, it makes sense to grant the amendment request, allow the FAC to be filed, and then allow the summary judgment process to resolve whether the *Monell* claim in the FAC is futile. This approach will not prejudice the City because discovery is already closed.

Finally, because Plaintiff's motion to amend is being granted, the City's motion to dismiss the *Monell* claim appearing in the TAC is now moot. *Ramirez v. Cty. of San*

*Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."). For similar reasons, Defendants' motion for summary judgment is now moot—it challenges the sufficiency of the evidence supporting Plaintiff's claims in the now-superseded TAC, rather than the sufficiency of the evidence supporting Plaintiff's claims in the about-to-be-filed FAC. *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. 2015) ("[T]he summary-judgment motions therefore should be denied without prejudice to their reassertion based on the amended complaint."). Once the FAC is filed, Defendants may refile their summary judgment motion.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to amend (Doc. 95) is **granted**. Plaintiff shall, within seven days of the issuance of this order, file a clean version of the proposed FAC (Doc. 95-1) that was attached as an exhibit to the motion.

2. The City's motion to dismiss (Doc. 67) is **denied as moot**.

3. Defendants' motion for partial summary judgment (Doc. 100) is **denied as moot**. Defendants may refile the motion within seven days of the filing of the FAC.

4. The joint motion for extension (Doc. 106) is **denied as moot**.

Dated this 28th day of July, 2022.

Dominic W. Lanza
United States District Judge