**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dravon Ames, | No. CV-20-02102-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

On March 29, 2023, the Court issued an order granting summary judgment in Defendants' favor on all of Plaintiff's claims. (Doc. 135.) Judgment was later entered in Defendants' favor. (Doc. 138.) After entry of judgment, Defendants timely filed a bill of costs, which seeks $6,720.55. (Doc. 139.) In response, Plaintiff filed objections. (Doc. 142.) Plaintiff doesn't dispute that the requested costs would otherwise be recoverable but asks the Court, in its discretion, to decline to enter any cost award. (*Id*.) In reply, Defendants urge the Court to overrule Plaintiff's objections. (Doc. 143.)

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should" be awarded to the prevailing party. "On its face, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation and internal quotation marks omitted). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's

limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1247-48 (citations and internal quotation marks omitted).

Plaintiff's primary argument is that "he is of limited financial resources making a low hourly wage on a temporary basis. Consequently, a judgment entered against him will result in his virtual indigency. The judgment will continue to earn interest as well, so that it will be impossible for Plaintiff to ever be able to pay off such judgment in the foreseeable future." (Doc. 142 at 2.) In support of this assertion, Plaintiff provides a declaration in which he makes the following avowals: (1) "Currently, I work full time for a temporary employment agency making an hourly wage"; (2) "I own no property"; (3) "If a judgment were entered against me for $6,720.55 with interest accruing it would be virtually impossible for me to ever pay off such a debt, and would render me virtually indigent"; (4) "I cannot foresee ever having the ability to pay off this debt if judgment is entered against me for costs"; and (5) "I have read the attached Objection to Defendants' Bill of Costs and verify that all statements in that Objection are true and correct on my own personal knowledge or as to those statements made upon information and belief are true to the best of my knowledge." (Doc. 142-1 ¶¶ 3-7.)

Plaintiff's financial condition does not provide an appropriate reason for denying costs in this case. First, and as Defendants note in their reply, Plaintiff's declaration is bare-boned in nature and fails to address various aspects of Plaintiff's financial situation that would bear on his ability to satisfy a $6,720.55 award. (Doc. 143 at 4 ["Plaintiff's declaration does not provide facts about his hourly, monthly or yearly wage, or his sources of income and available savings to pay a debt. . . . He never filed a fee waiver in this Court nor in the Ninth Circuit where he recently appealed the summary judgment in this matter—paying the $500 appeal fee."].)[1] Second, and more important, even assuming that

---

[1] These omissions are particularly notable because, according to news accounts, Plaintiff's family recently obtained a $475,000 settlement in a different lawsuit. *See* https://www.azcentral.com/story/news/local/phoenix/2020/08/24/phoenix-pay-475-k-family-viral-shoplifting-incident/3392305001/. Some news accounts, however, state that Plaintiff himself received only a small portion of this settlement. https://www.abc15.com/news/abuse-of-force/phoenix-council-approves-475-000-civil-

Plaintiff's declaration provides a complete picture of his current finances, the cost award being sought here is relatively modest and Plaintiff acknowledges that he is currently employed. The Court appreciates that it may be difficult for Plaintiff to satisfy the requested award, but a $6,720.55 award is not the sort of massive award that might condemn an employed litigant to indigency. *Compare Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (district court abused its discretion in awarding costs where the plaintiff "had not obtained employment at the time of the filing of the cost bill" and the prevailing party sought $46,710.97).

Nor do the remaining factors discussed in Plaintiff's brief provide appropriate reasons for denying costs in this case. Plaintiff asserts that this case presented "close questions" and "serious questions" and points to the length of the summary judgment order in support of those characterizations (Doc. 142 at 2-3), but the length of the order does not serve as a proxy for the closeness of the decision. As discussed in the summary judgment order, Plaintiff's failure to submit any cognizable evidence (apart from the video) setting forth his account of the underlying incident and failure to identify any comparable cases involving takedowns, carotid holds, and closed-fist punches were significant factors that compelled a ruling in Defendants' favor. The *Heck* analysis may have presented close and unsettled questions, but Defendants were ultimately entitled to summary judgment for other reasons. Plaintiff also contends that a cost award here would have a chilling effect on other civil rights litigants (*id.* at 3), but the Court disagrees in light of the discussion above regarding the relatively modest size of the award being sought and the unanswered questions regarding Plaintiff's financial situation. *Kidd*, 2013 WL 2146924 at *2 ("The

---

rights-abuse-settlement. In any event, because Plaintiff's declaration does not address the settlement—the only concrete representation in the declaration concerns Plaintiff's non-ownership of property—the Court has no way of knowing whether it might be used to satisfy the $6,720.55 award sought here. *Cf. Kidd v. Pac. Bell Tel. Co.*, 2013 WL 2146924, *2 (N.D. Cal. 2013) ("[P]laintiff's contention that she is indigent is not supported by the incomplete financial information provided by plaintiff. Of particular note is the absence of any mention of the $425,000 lump-sum payment plaintiff received as severance as part of her voluntary retirement in 2010. Although not required, plaintiff's failure to provide any documentary evidence of her financial status leaves the Court without sufficient proof of her alleged indigency. Therefore, the Court finds that plaintiff's statement regarding her limited financial resources is insufficient to overcome the presumption under Rule 54(d)(1).").

amount of costs sought is reasonable and not exorbitant.  Therefore, the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance."); *Mam v. City of Fullerton*, 2014 WL 12573550, *2 (C.D. Cal. 2014) (where the losing party was regularly employed, an award of $9,489.22 was "not so high . . . to warrant denying costs").  To the extent Plaintiff invokes "the substantial disparity in financial resources" between the parties (Doc. 142 at 2-3), this reason is not persuasive for the same reasons.  Finally, even though the Court agrees with Plaintiff's assertion that he "litigated the case in good faith" (*id.* at 3), this alone does not provide an appropriate reason for overcoming Rule 54(d)(1)'s presumption that costs should be awarded to the prevailing party.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (Doc. 142) are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax Defendants' costs within 14 days of the issuance of this order.

Dated this 11th day of May, 2023.

Dominic W. Lanza
United States District Judge